UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARSHALL LOSKOT, an individual,
and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU
HELP OTHERS, a California public
benefit corporation,

        Plaintiffs,

    v.

UNITED PETROLEUM TRUCK STOP;
RAKESH SEHGAL, an individual; and
SEHGAL, INC., a California
corporation,

        Defendants.

CIV. S-04-1992 GEB PAN

ORDER

—oOo—

    Plaintiffs commenced this action on September 24, 2004, alleging civil rights violations under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., California Civil Code §§ 51 et seq., 54, 54.1 and 54.3; California Health and Safety Code §§ 19955 et seq., and California Business and

Professions Code §§ 17200 et seq.

All claims against defendant United Petroleum Truck Stop were dismissed March 2, 2005.  After informing the court of difficulties in locating and serving defendants Rakesh Sehgal and Sehgal Inc.,[1] plaintiffs assert the two were served by substituted service on January 23 and January 25, 2005, at the same address.  Certificates of service were filed on February 2, 2005.

Neither remaining defendant has appeared in this action. On March 1, 2005, plaintiffs requested the Clerk of Court enter the default of these defendants, which was done March 2.  On April 1, plaintiffs moved for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), seeking a comprehensive order directing twenty-one specific accommodations at United Petroleum Truck Stop, damages to Loskot in the sum $8,000 and attorney fees to Disability Rights in the amount $12,625.52.

Plaintiff's motion was scheduled for hearing before this court on May 18, 2005.  E. D. Cal. L. R. 72-302(c)(19) (motions

---

[1] In a status report filed January 7, 2005, plaintiffs stated defendant Rakesh Sehgal was the agent for service of process for defendant Sehgal Inc.; that after several unsuccessful attempts to serve these defendants at the address on file with the California Secretary of State, plaintiffs' process server was informed that Mr. Sehgal had moved.  "Plaintiffs next directed their process server to attempt service at the address on a grant deed recorded with Yolo County on October 23, 2003.  Plaintiffs' process server reported the premises at this address were vacant.  Plaintiffs then identified two addresses "believed to be current."  One of these was vacant and the other was a 7-Eleven store with which Mr. Sehgal "may be affiliated."  Service was not effected at the second address despite several attempts.  Finally plaintiffs identified another address for Mr. Sehgal which "may be current" where, apparently, the last attempt at substituted service was assertedly made.

for default judgment referred to the magistrate judges).  As oral argument was unnecessary to address this matter, the hearing was vacated and the court now issues this order.

Fed. R. Civ. P. 4(e)(2) permits substituted service of process upon a defendant by leaving a copy of the summons and complaint "at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."  Plaintiffs assert they served Rakesh Sehgal by leaving a copy of the summons and complaint with Maurico Rodriquez, a "co-tenant" of Rakesh Sehgal at an apartment building but have not shown it is Sehgal's "dwelling house or usual place of abode" nor whether Mr. Rodriquez "resides therein."

The court also notes that no allegation of the complaint, if deemed admitted, by Sehgal or Sehgal, Inc., would entitle plaintiff to the requested injunctive relief at the United Petroleum Truck Stop facility.  (Plaintiffs aver they "do not know the true names of defendants Rakesh Sehgal, an individual; and Sehgal, Inc., a California corporation, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all defendants."  Complaint, para. 8.)

Accordingly, plaintiffs' motion for default judgment is denied.  Plaintiffs are directed to show cause in writing within

3

11 days of service of this order why the default of Rakesh Sehgal and Sehgal Inc. should not be set aside (Fed. R. Civ. P. 55(c)) and this case dismissed for failure to serve process upon these defendants within 120 days (Fed. R. Civ. P. 4(m)).

So ordered.

Dated:  May 23, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge