UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARSHALL LOSKOT, an individual,
and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU
HELP OTHERS, a California public
benefit corporation,

         Plaintiffs,      CIV. S-04-1992 GEB PAN

    v.

UNITED PETROLEUM TRUCK STOP;         ORDER
RAKESH SEHGAL, an individual; and      and
SEHGAL, INC., a California         FINDINGS AND RECOMMENDATIONS
corporation,

         Defendants.

-o0o-

On May 23, 2005, this court denied plaintiffs' motion for default judgment and directed plaintiffs to show cause why the default of defendants Rakesh Sehgal and Sehgal Inc. should not be set aside and this case dismissed for failure to effect service of process.

1  Plaintiffs commenced this action September 24, 2004,
2 alleging civil rights violations under the Americans with
3 Disabilities Act, 42 U.S.C. §§ 12101 et seq., California Civil
4 Code §§ 51 et seq., 54, 54.1 and 54.3; California Health and
5 Safety Code §§ 19955 et seq., and California Business and
6 Professions Code §§ 17200 et seq.  Plaintiff Marshall Loskot is a
7 member of co-plaintiff "Disability Rights Enforcement Education,
8 Services: Helping You Help Others" ("DREES"), a nonprofit
9 corporation and charitable organization dedicated to the advocacy
10 and enforcement of disability rights.  See Declaration of Patrick
11 Connally, DREES President.  Mr. Loskot is a paraplegic who uses a
12 wheelchair and alleges that on November 21, 2003, and August 24,
13 2004, he patronized United Petroleum Truck Stop and experienced
14 significant difficulty parking, using the fuel pumps, and
15 accessing the lobby and restroom.

16  On March 1, 2005, plaintiffs filed an application for entry
17 of default against Sehgal and Sehgal Inc., alleging they had
18 failed to respond to the complaint despite timely service of
19 process.  The Clerk of Court entered default against the Sehgal
20 defendants on March 2, 2005.  The same day, the Honorable Garland
21 E. Burrell, Jr., dismissed United Petroleum Truck Stop, stating,
22 "Plaintiffs' Status Report indicates Plaintiffs have no intention
23 of prosecuting this action against Defendant United Petroleum
24 Truck Stop, since Plaintiffs failed to mention that named entity
25 in their Status Report."
26 ////

On April 1, 2005, plaintiffs moved for default judgment against Sehgal and Sehgal Inc.  The motion seeks over twenty accommodations at United Petroleum Truck Stop, damages to Loskot in the sum $8,000, and attorney fees and costs to Disability Rights in the amount $12,625.52.

On May 23, 2005, this court denied plaintiffs' motion and ordered them to show cause why the Clerk's defaults should not be set aside due to plaintiffs' failure to serve process. Apparently, substituted service of process had been attempted upon Mauricio Rodriquez, who was described as "co-tenant" of Rakesh Sehgal, at an apartment building in San Bruno, California. While Fed. R. Civ. P. 4(e)(2) permits substituted service of process upon a defendant by leaving a copy of the summons and complaint "at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," plaintiffs failed to demonstrate that summons and complaint were left at Sehgal's abode or that Mr. Rodriquez "resided therein."

Plaintiffs now clarify that Mr. Rodriquez is, or at least was at the time of service, a roommate of Rakesh Sehgal and that plaintiffs timely and properly effected substituted service of process upon Rakesh Sehgal and Sehgal Inc.

Accordingly, the order to show cause is discharged.

However, for the reasons set forth below, I recommend that plaintiff's motion for default judgment be denied.

////

By their default the Sehgal defendants admit the well-pleaded allegations of the complaint with the exception of damages. Fed. R. Civ. P. 8(d). However, there is no matter of right to the entry of default judgment and it is within the court's reasonable discretion, even when the defendant is technically in default. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Among the factors for the court's consideration is the sufficiency of the complaint.[1] Only well-pleaded allegations are taken as admitted on a default judgment. Benny v. Pipes, 799 F.2d 489, 495 (9th Cir. 1986), as amended, 807 F. 2d 1514 (citations omitted). Facts that are not established by the pleadings of the prevailing party, or claims that are not well pleaded, are not binding and cannot support the judgment. Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (citation omitted). Necessary facts not contained in the pleadings and claims that are legally insufficient are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992).

---

[1] A court should consider the following factors before entering default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), at 1471-1472, citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26.

This complaint fails to establish that the Sehgal defendants are responsible for, or have authority to make modifications at, United Petroleum Truck Stop.

As the court stated in its May 23, 2005, order, "no allegation of the complaint, if deemed admitted, by Sehgal or Sehgal, Inc., would entitle plaintiff to the requested injunctive relief at the United Petroleum Truck Stop facility. Plaintiffs averred they did not know the true names of defendants Rakesh Sehgal, an individual; and Sehgal, Inc., a California corporation, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all defendants. Complaint, para. [10].)" May 23, 2005, Order at p. 3. While plaintiffs now concede the obfuscation of paragraph 10 they assert it "is not determinative" and that paragraphs 7, 8 and 9[2] demonstrate the Sehgal defendants own and

---

[2] Paragraphs 7, 8 and 9 of plaintiffs' complaint allege:

7. Defendants RAKESH SEHGAL, an individual; and SEHGAL, INC., a California corporation (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisors and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by the UNITED PETROLEUM TRUCK STOP, a public accommodation located at/near 29770 County Road #8, Dunnigan, California, and subject to the requirements of California state law requiring full and equal access to public facilities pursuant to 1995 of the Health & Safety Code, and §§51, 51.5, 52(a), 54.1 and 54.3 of the Civil Code, and subject to Title III of the Americans with Disabilities Act of 1990, and to all other legal requirements referred to in this complaint.

operate United Petroleum Truck Stop.

Paragraph 7 states alternatively that the Sehgal defendants "are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisors and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by the UNITED PETROLEUM TRUCK STOP;" paragraph 8 provides that the Sehgal defendants "are the lessees, or agents of the lessees,

---

8.  At all times relevant to this complaint, defendants RAKESH SEHGAL, an individual; and SEHGAL, INC., a California corporation, are the lessees, or agents of the lessees, and/or lessors, of said premises, and/or alter egos of the lessees, lessors and their agents, and own and operate in joint enterprise the subject UNITED PETROLEUM TRUCK STOP as a public facility at/near 29770 County Road #8, Dunnigan, California.  This business is open to the general public and conducts business therein.  The business operating on said premises is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §54, et seq.  Plaintiffs do not know the relative responsibilities of each of the defendants in the operation of the facilities herein complained of, and allege a joint venture and common enterprise by all such defendants.

9.  At all times relevant to this complaint, defendants RAKESH SEHGAL, an individual; and SEHGAL, INC., a California corporation are the landlords/lessors, tenants/lessees and the owners and operators of the subject UNITED PETROLEUM TRUCK STOP, a public facility located at/near 29770 County Road #8, Dunnigan, California.  As such, these defendants are jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> § 36.201 General
> (b) Landlord and tenant responsibilities.  Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with this obligations of this part may be determined by lease or other contract.

and/or lessors, of said premises, and/or alter egos of the lessees, lessors and their agents, and own and operate in joint enterprise the subject UNITED PETROLEUM TRUCK STOP," but also states, "Plaintiffs do not know the relative responsibilities of each of the defendants in the operation of the facilities herein complained of, and allege a joint venture and common enterprise by all such defendants;" and paragraph 9 provides that the Sehgal defendants "are the landlords/lessors, tenants/lessees and the owners and operators of the subject UNITED PETROLEUM TRUCK STOP," and "these defendants are jointly and severally responsible to identify and remove architectural barriers," but cites 28 C.F.R. § 36.201(b) which provides that the allocation of responsibility between a landlord and tenant of a public accommodation "may be determined by lease or other contract."

The admitted allegations of the complaint are insufficient to establish that the Sehgal defendants are responsible for the existing accommodations at United Petroleum Truck Stop or have any responsibility or authority to modify those accommodations.

Accordingly, I recommend plaintiff's motion for default judgment be denied.

These findings and recommendations are submitted to the Honorable Garland E. Burrell, Jr., the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 12, 2005.

>  /s/ Peter A. Nowinski
> PETER A. NOWINSKI
> Magistrate Judge