IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARSHALL LOSKOT, an individual, and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, | ) ) ) ) ) ) | |
| | ) | 2:04-cv-1992-GEB-PAN(JFM) |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| RAKESH SEHGAL, an individual, and SEHGAL, INC., a California corporation, | ) ) ) ) | |
| Defendants.[1] | ) ) | |

Pending are the Magistrate Judge's Findings and Recommendations ("F&Rs"), filed December 12, 2005, on Plaintiffs' Motion for Default Judgment on their Americans With Disabilities Act ("ADA") and state claims.  The F&Rs are not adopted because the following finding is rejected:  "The admitted allegations of the complaint are insufficient to establish that [Defendants] are

_____

   [1]   The caption is amended according to the Order filed on March 2, 2005.

responsible for the existing accommodations at United Petroleum
Truck Stop . . . ."  (F&Rs at 7.)  This finding is rejected because
it is contrary to the Ninth Circuit decision in <u>Botosan v. Paul
McNally Realty</u>, wherein it states "any allocation made in a lease
or other contract is only effective as between the parties, and
both landlord and tenant remain fully liable for compliance with
all provisions of the ADA relating to that place of public
accommodation." 216 F.3d 827, 834 (9th Cir. 2000).

        Each Plaintiff seeks identical injunctive relief under
both the ADA and California law, and damages under California law.
(Proposed Default J. ¶¶ 1-2.)  Loskot alleges in the Complaint
specific dates on which he tried to access the United Petroleum
Truck Stop, and asserts he would return if the premises are
modified to accommodate his disability.  (Pls.' Comp. ¶¶ 2, 45.)
Disability Rights Enforcement, Education, Services: Helping You
Help Others ("DREES") relies on the injunctive relief claims Loskot
asserts, yet neither the Complaint nor the Motion for Default
Judgment demonstrate why DREES is prosecuting these same claims.
Therefore, DREES's standing is raised sua sponte.  <u>See</u> <u>B.C. v.
Plumas Unified School Dist.</u>, 192 F.3d 1260, 1264 (9th Cir. 1999)
("[F]ederal courts are required sua sponte to examine
jurisdictional issues such as standing.").

            The doctrine of standing is made up of
            constitutional and prudential considerations. . . .
            The prudential component of standing embraces,
            [j]udicially self-imposed limits on the exercise
            of federal jurisdiction, such as the general
            prohibition on a litigant's raising another person's
            legal rights . . . .

<u>Clark v. Burger King Corp.</u>, 255 F. Supp. 2d 334, 341 (D. N.J. 2003)
(internal citation and quotation omitted.).  Under the "prudential

[component of standing] . . . access to the federal courts" is
limited "to those litigants best suited to assert a particular
claim." Gladstone Realtors v. Village of Bellwood, 441 U.S. 91,
99-100 (1979).  DREES as "[a]n association has standing to sue in a
representational capacity if at least one [of its] member[s] would
have standing to sue in his own right, if the asserted interests
are germane to the association's purposes, and if neither the claim
nor the relief requested would require individual participation by
members." Access 123, Inc. v. Markey's Lobster Pool, Inc., 2001 WL
920051, at *2 (D. N.H. Aug. 14, 2003).  Here, the only factual
allegations in the Complaint assert just Loskot's claims; DREES's
ADA claims are based solely on Loskot's factual allegations.
(Pls.' Comp. at 6-9.)  Consequently, Loskot is "the better party to
assert his own claims[,]" and DREES lacks standing to assert these
same claims. Access 123, Inc., 2001 WL 920051, at *4.

        Nor has DREES shown it has standing to assert ADA claims
on behalf of its other members since no factual allegation has
demonstrated this standing. See Access 123, Inc., 2001 WL 920051,
at *4 (stating where an association did "not demonstrate[] that any
member, other than [the individual plaintiff], would have standing
to bring the same ADA claims against [the defendant,] . . . [the
association] lack[ed] standing to assert claims on behalf of its
other members").  Therefore, under the prudential component of
standing, DREES lacks standing to assert Loskot's ADA claims.

        Loskot's request for injunctive relief under the ADA is
denied because the injunctive relief sought is not specific enough
"to prevent uncertainty and confusion on the part of [Defendants]."
Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1087 (9th

Cir. 2004) (internal quotation omitted).  For example, the Proposed

Default Judgment Order instructs Defendants that "[w]arning signage

regarding unauthorized use of disabled parking spaces must be

posted conspicuously at each entrance to off-street parking

facilities, or immediately adjacent to and visible from each stall

or space."  This instruction is confusing because it is unclear

whether "each" refers to each stall or space in the off-street

parking facility, or whether it refers to only the disabled parking

space or spaces. (Proposed Default J. at 1.)  The Proposed Default

Judgment Order further instructs Defendants that "[b]lank spaces on

sign(s) must be filled with appropriate information."  (Id. at 2.)

However, no explanation is provided of the language that would

satisfy the phrase "appropriate information."   Additional

confusion exists in the instruction telling Defendants that "[o]ne

designated disabled parking space which meet [sic] the requirements

for van accessibility must be installed in the parking area."

(Id.)  The referenced "requirements for van accessibility" are not

identified.  Finally, the Proposed Default Judgment Order, despite

making four references to "accessible parking spaces" or "disabled

parking spaces," is devoid of the total number of spaces Defendants

must install.  Accordingly, Loskot's proposed injunction under the

ADA lacks the required specificity and is fraught with uncertainty

and confusion.  Loskot's request for an injunction under the ADA is

therefore denied.

        It must be decided whether the ADA claims should be

dismissed or whether Loskot should be provided another opportunity

to seek a default injunction under the ADA.  Dismissal is

appropriate here because Loskot is not without a remedy since he

1   can pursue the same injunctive relief under state law.

2   Accordingly, the ADA claims are dismissed.

3         Since all the federal claims have been dismissed, the

4   issue is reached whether supplemental jurisdiction should continue

5   being exercised in this action.  Under § 1367(c), the district

6   court may decline to exercise supplemental jurisdiction over a

7   state claim if "the district court has dismissed all claims over

8   which it has original jurisdiction . . . ."  The exercise of this

9   "discretion . . . is informed by the [United Mine Workers v. Gibbs,

10   383 U.S. 715,(1966)] values of economy, convenience, fairness, and

11   comity."  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th

12   Cir. 1997) (en banc) (quotation marks omitted).  However, "[i]n the

13   usual case in which all federal-law claims are eliminated . . .,

14   the balance of factors to be considered . . . will point toward

15   declining to exercise jurisdiction over the remaining state-law

16   claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7

17   (1988); Wade v. Regional Credit Assoc., 87 F.3d 1098, 1101 (9th

18   Cir. 1996) ("Where a district court dismisses a federal claim,

19   leaving only state claims for resolution, it should decline

20   jurisdiction over the state claims and dismiss them without

21   prejudice.").

22         Here, the value of fairness weighs against exercising

23   supplemental jurisdiction because both Loskot and DREES desire

24   injunctive relief, yet prudential considerations prevent DREES from

25   having standing to litigate an injunction in federal court, in

26   light of the allegations in the Complaint that allege claims only

27   on behalf of Loskot.  It is unclear whether this standing bar would

28   prevent DREES from litigating the state injunction claims in state

court, since "standing requirements [under California law] will vary from statute to statute based upon the intent of the Legislature and the purpose for which the particular statute was enacted." <u>Midpeninsula Citizens for Fair Housing v. Westwood Investors</u>, 221 Cal. App. 3d 1377, 1386 (2005).

Further, a decision on the remaining state injunctive relief and damage claims should be made in state court since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." <u>Gibbs</u>, 383 U.S. at 726.

In conclusion, consideration of the <u>Gibbs</u> values reveal that I should decline to continue exercising supplemental jurisdiction over Plaintiffs' remaining state claims.  Therefore, this action is dismissed without prejudice under 28 U.S.C. § 1367(c) as of the date on which this Order is filed.

IT IS SO ORDERED.

Dated:  June 9, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge